# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| KOIL DEMETROUS HOLDER, | : | |
| Plaintiff, | : | CASE NO. 3:21-cv-1305 (MPS) |
| | : | |
| v. | : | |
| | : | |
| TAIS C. ERICSON, et al., | : | |
| Defendants. | : | NOVEMBER 8, 2021 |
| | : | |

---

## ORDER

Plaintiff Koil Demetrous Holder, incarcerated at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, filed this case under 42 U.S.C. § 1983. The plaintiff names three defendants: Executive Director of Superior Court Operations Tais C. Ericson, State's Attorney Jennifer Marze Barry, and Court Reporter Leslie F. Fialkievicz. The plaintiff seeks damages for several claims relating to his criminal case.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis.*

Although detailed allegations are not required, the complaint must include sufficient facts

to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

"Although courts must interpret a pro se complaint liberally, the complaint will be dismissed unless it includes sufficient factual allegations to meet the standard of facial plausibility." *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

I.    <u>Allegations</u>

In his Amended Complaint, the plaintiff generally alleges that his speedy trial motion was not heard for six months. ECF No. 14 ¶ 1. He also alleges that he was provided an "illegal attorney" and that his name was forged on an agreement with the state. *Id.* ¶ 2.

The plaintiff submitted paperwork to obtain a transcript from the court reporter but never received it. *Id.* ¶ 3.

The plaintiff alleges that there never was an "established contact" with the alleged victim of his crime and contends that he was held because the state had no case but was trying to maintain its conviction rate. *Id.* ¶ 4. When the plaintiff wrote to defendant Ericson asking him to investigate this claim, defendant Ericson said he could not investigate the allegations. *Id.* ¶¶ 5-6.

The plaintiff filed paperwork to obtain copies of the arrest warrant and police report, but

he alleges that defendant Barry refused to give him the copies.  *Id.* ¶ 7.

During a video conference regarding his criminal case, the court reporter, defendant Fialkievicz, laughed at the plaintiff because he continued to speak after she had "muted" him. She also stated that she would not provide him transcripts.  *Id.* ¶¶ 8-10.

II.   Analysis

The plaintiff identifies no claims in his Amended Complaint.  In the original Complaint, however, he states that defendants Ericson and Barry violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights to due process.  *See* ECF No. 1 at 1.  The court assumes the plaintiff intends to assert the same violations in the Amended Complaint.

A.   Fourth, Fifth, and Eighth Amendment Claims

Records available on the Department of Correction website show that the plaintiff is unsentenced and being held on a charge of criminal violation of a protective order.  See ctinmateinfr.state.ct.us/detailsupv.asp?id_inmt_num=162238.  The Fourth Amendment generally applies to the period prior to arraignment when the inmate is in police custody.  *See Powell v. Gardner*, 891 F.2d 1039, 1044 (2d Cir. 1989) (Fourth Amendment applies through time of arraignment or formal charge).  The Eighth Amendment affords protection for sentenced inmates.  *See Whitley v. Albers*, 475 U.S. 312, 327 (1986) (noting that Eighth Amendment specifically concerns "the unnecessary and wanton infliction of pain in penal institutions" and, therefore, is "the primary source of substantive protection to convicted prisoners").  As the plaintiff has been arraigned but not yet convicted and sentenced, his claims are not cognizable under the Fourth or Eighth Amendments.

The Due Process Clause of the Fifth Amendment applies to the federal government while

3

the Due Process Clause of the Fourteenth Amendment applies to the states.  *See Welch v. United States*, 578 U.S. 120, 136 S. Ct. 1257, 1261-62 (2016).  As no defendant is a federal official, the Fifth Amendment affords no protection to the plaintiff.  All claims under the Fourth, Fifth, and Eighth Amendments are dismissed.

    B.  <u>Defendant Ericson</u>

    The plaintiff describes defendant Ericson as the Executive Director of Superior Court Operations, a supervisory official.  He alleges that defendant Ericson refused his request for an investigation into the facts underlying his arrest and criminal charge.

    The Second Circuit has recently clarified the standard to be applied to a claim of supervisory liability.  *See Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020).  Prior to the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Second Circuit had identified five categories of conduct that would establish liability of supervisors for the conduct of a subordinate in a section 1983 action, one of which was failure to address unconstitutional acts when informed such acts were occurring.  *Id.* at 616.

    In *Iqbal,* the Supreme Court rejected a theory of supervisory liability that permitted a supervisor to be "held liable based on a lesser showing of culpability than the constitutional violation requires."  *Id.* at 617 (quoting *Iqbal,* 556 U.S. at 677) (internal quotation marks omitted).  In *Tangreti*, the Second Circuit adopted this view and held that, "after *Iqbal*, there is no special rule for supervisory liability.  Instead, a plaintiff must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"  *Id.* at 618 (quoting *Iqbal*, 556 U.S. at 676).  Thus, the plaintiff must plead and prove that defendant Ericson was personally involved in the alleged constitutional violation.

4

The plaintiff alleges no facts suggesting that defendant Ericson was personally involved in his arrest or the decision to hold and prosecute him.  Thus, there is no factual basis for a claim against defendant Ericson.   Further, as a judicial employee, defendant Ericson has no authority to determine whether the plaintiff is prosecuted.  *See Dywer v. Warden*, No. CV144005821, 2019 WL 4332333, at *3 n.4 (Conn. Super. Ct. Aug. 15, 2019) ("The state's attorneys, who are responsible for prosecuting violations of the criminal laws of this state, are executive branch officials …There can be no doubt that [t]he doctrine of separation of powers requires judicial respect for the independence of the prosecutor … Prosecutors, therefore, have a wide latitude and broad discretion in determining when, who, why and whether to prosecute for violations of the criminal law … This broad discretion, which necessarily includes deciding which citizens should be prosecuted and for what charges they are to be held accountable … rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." (quoting *State v. Kinchen*, 243 Conn. 690, 699, 707 A.2d 1255, 1260 (1998) (internal quotation marks omitted)).  The claim against defendant Ericson is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

    C.  <u>Defendants Barry and Fialkievicz</u>

The plaintiff alleges that defendant Barry refused to give him copies of the arrest warrant and police report after he completed the required paperwork and defendant Fialkievicz refused to provide him transcripts.  The court construes these claims as claims for denial of access to the courts.  "The right of access to the courts … assures that no person will be denied the opportunity to present to the judiciary allegations concerning the violation of fundamental constitutional rights."  *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974).  To state a viable claim for interference with his right of

access to the courts, the plaintiff must show that he suffered an "actual injury" as a result of the deliberate and malicious conduct of the defendants. *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996). To establish an actual injury, the plaintiff must allege facts showing that the defendants took actions that hindered his efforts to pursue a nonfrivolous claim, *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003, *i.e.*, the defendants "deprived him of an opportunity to press some nonfrivolous, arguable cause of action in court." *Baker v. Weir*, No. 16-cv-1066(JAM), 2016 WL 7441064, at *2 (D. Conn. Dec. 27, 2016).

The plaintiff alleges no facts suggesting that he suffered an actual injury as a result of the denial of the reports and transcript.  Thus, he fails to state a claim for denial of access to the courts.

In addition, the plaintiff has a constitutional right to receive exculpatory material that is "material either to guilt or punishment." *United States v. Bagley*, 473 U.S. 667, 669 (1985) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (internal quotation marks omitted)).  Evidence is considered material "only if there is a reasonable probability that disclosure of the evidence to the defense would have changed the result of the proceeding." *Beverly v. Walker*, 899 F. Supp. 900, 910-11 (N.D.N.Y. 1995) (quoting *Bagley*, 473 U.S. at 682), *aff'd*, 118 F.3d 900 (2d Cir. 1997).  The plaintiff alleges no facts suggesting that arrest warrant or police report were exculpatory.  Thus, there is no legal basis for a due process claim based on the failure to provide the documents. The claims against defendants Barry and Failkievicz are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

D.  General Challenge to Criminal Proceedings

The plaintiff generally alleges that his speedy trial motion was not acted upon, he provided an "illegal attorney," and his signature was forged on an agreement with the prosecutor.  He does not allege that any defendant was responsible for these actions.  All three claims challenge the

6

validity of the criminal proceedings.  The plaintiff's proper recourse is to assert these challenges in the state criminal proceedings, which remain pending, or in a petition for writ of habeas corpus should he be convicted.  *See* jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=be2830cc-7d02-4b36-9a67-22c44f9b2404 (noting that next court date is November 4, 2021).  Accordingly, any claims based on these allegations are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

III.   Conclusion

     The Amended Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The plaintiff may amend his claims against defendants Barry and Fialkievicz if he can allege facts showing the required actual injury to state a claim for denial of access to the courts.  Any Second Amended Complaint shall be filed within twenty days from the date of this order.

     The plaintiff's motions for summary judgment [**ECF No. 8**] and for appointment of counsel [**ECF No. 9**] are **DENIED** as moot.

     **SO ORDERED** this 8th day of November 2021 at Hartford, Connecticut.

                        /s/
                Michael P. Shea
                United States District Judge

7